**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JULIE N. BROWN,

         Plaintiff,

-vs-

T-INK, LLC, a Delaware limited
liability company,

         Defendant.
_____/

CASE NO. 07-CV-13111

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER**
**(1) DENYING DEFENDANT'S MOTION TO VACATE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL; (2) DENYING AS MOOT PLAINTIFF'S CROSS MOTION TO DISMISS PURSUANT TO RULE 41(a)(2); AND (3) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS BASED ON THE EXISTENCE OF A BINDING ARBITRATION AGREEMENT**

Plaintiff Julie N. Brown ("Plaintiff") has previously filed a Notice of Voluntary Dismissal of her Complaint on September 20, 2007. The Clerk's Office of this Court proceeded to dismiss this case on that day. Based upon the instant rulings, the Order of Dismissal is affirmed.

Before the Court are two related motions: (1) Defendant T-Ink, LLC's ("Defendant") September 24, 2007 Motion to Vacate Plaintiff's Notice of Dismissal (Doc. No. 9); and (2) Plaintiff's October 15, 2007 Cross Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(a)(2) (Doc. No. 13). Both parties have filed Responses. On November 6, 2007, the Court requested that the parties submit supplemental information on the existence of any parallel state court proceedings to the instant case. Both parties filed the requested supplemental information on November 13,

1

2007. On November 14, 2007, the Court determined that the parties' briefing was sufficient to render a decision without oral argument pursuant to E.D. Mich. L. R. 7.1(e)(2).

Having considered the entire record, and for the reasons that follow, the Court DENIES Defendant's Motion to Vacate Plaintiff's Notice of Voluntary Dismissal, and DENIES AS MOOT Plaintiff's Cross Motion to Dismiss Pursuant to Rule 41(a)(2). Accordingly, the Court DENIES AS MOOT Defendant's Motion to Dismiss Based on the Existence of a Binding Arbitration Agreement.

**I.  BACKGROUND**

This case arises out of Plaintiff's allegations that Defendant made material misrepresentations to her in connection with the formation of a joint limited liability company named Ink-Logix.

Plaintiff is an individual who resides in Wayne County, Michigan. (Am. Compl. ¶ 1). Plaintiff is the founder, principal owner, and President of Plastech Products, Inc., a Tier-1 automotive parts supplier. (*Id.*). Defendant is a Delaware limited liability company with a principal place of business in New York City, New York. (Am. Compl. ¶ 2).

In early 2006, Defendant contacted Plaintiff about a business opportunity involving a conductive ink technology called "Thinking Ink." (Am. Compl. ¶ 7). This technology purports to conduct heating and lighting connections on the interior passenger compartments of automobiles. (*Id.*). Per Plaintiff, representatives from Defendant sought funding for this venture and also the benefit of Plaintiff's connections with the automotive industry. (Am. Compl. ¶ 8).

From early 2006 until May 2006, the parties discussed the conductive ink technology and the possibility of Plaintiff entering into business with Defendant. (Am. Compl. ¶ 10).

The parties ultimately formed a company called P-Inc Holdings, LLC, on May 30, 2006. (Am. Compl. ¶ 11). P-Inc is now known as "Ink-Logix, LLC." The members of Ink-Logix consisted of Plaintiff, Defendant, and Mr. Jeffrey Engel. Plaintiff and Defendant each held a 45% membership interest in the LLC, with Engel holding the remaining 10%. (*Id*.). The LLC agreement included an arbitration clause. (Am. Compl. Ex. 1, LLC Agreement).

Plaintiff alleges that in the course of negotiations with Defendant, Defendant made a series of material misrepresentations about the conductive ink technology to induce Plaintiff into forming the LLC and advancing millions of dollars in funding to Defendant. Plaintiff contends, *inter alia*, that Defendant misrepresented: (1) the uniqueness of the conductive ink technology; (2) the potential applications of the technology plus its production readiness; (3) the fact that Defendant owned U.S. patents on the relevant technology; (4) that Defendant's Florida facility could accommodate the manufacturing; (5) that Plaintiff would receive valuable intellectual property rights in the technology; and (6) that Ink-Logix and Defendant would promptly reimburse Plaintiff for Ink-Logix's expenses.

On July 24, 2007, Plaintiff filed her Complaint in this Court. On August 13, 2007, Plaintiff filed an Amended Complaint, stating the following causes of actions against Defendant:

    Count I:     Misrepresentation
    Count II:    Dissolution of Ink-Logix
    Count III:   Rescission of the LLC Agreement

On August 21, 2007, Defendant filed a Motion to Dismiss Based on the Existence of a Binding Arbitration Provision. In that motion, Defendant argues that the Court should either dismiss or grant summary judgment to Defendant based upon the existence of a valid and enforceable arbitration provision in the LLC agreement.

Plaintiff did not respond to Defendant's motion.

On September 20, 2007, Plaintiff filed a "Notice of Voluntary Dismissal Pursuant to Rule 41(a)(1)(i)." In a letter attached to the motion, Plaintiff pointed out that Defendant had filed two actions on July 23, 2007: (1) an arbitration demand with the American Arbitration Association in Delaware, and (2) a civil lawsuit against Plastech in Wayne County Circuit Court. Plaintiff contended that she should be entitled to a voluntary dismissal since Defendant's motion in the federal case relied upon Fed. R. Civ. P. 12(b)(6), and did not operate to bar her voluntary dismissal.

On September 24, 2007, Defendant filed a "Motion to Vacate Plaintiff's Notice of Dismissal." In that motion, Defendant argued that its August 21 motion had relied upon a summary judgment ground, therefore precluding Plaintiff's ability to voluntarily dismiss her suit under Rule 41.

On October 15, 2007, Plaintiff filed both a Response to Defendant's September 24 motion and a "Cross Motion to Dismiss Pursuant to Rule 41(a)(2)." In those pleadings, Plaintiff points out that: (1) the parties are actively litigating the instant claims in Wayne County Circuit Court and have received rulings from that court; (2) Defendant's motion to dismiss based on the arbitration was not a motion for summary judgment; and (3) the Court can dismiss the case on a Rule 41(a)(2) basis.

## II. ANALYSIS

Defendant requests that the Court to vacate Plaintiff's Notice of Voluntary Dismissal, since its motion to dismiss requested relief alternatively under Fed. R. Civ. P. 56.

Rule 41(a)(1)(i) provides in relevant part:

4

> Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs[.]

It is well-established that a "plaintiff's right to a voluntary dismissal is not extinguished by the filing of a motion to dismiss under Fed. R. Civ. P. 12(b), subject to the exception for Rule 12(b)(6) motions converted to motions for summary judgment." Moore's Federal Practice 3d § 41.339[5][c][viii][A].

The United States Court of Appeals for the Sixth Circuit has addressed the operation of Rule 41(a)(1) as it relates to motions to dismiss:

> Fed. R. Civ. P. 41(a)(1) limits the plaintiff's authority to dismiss his complaint without prejudice and without the permission of either the adverse party or the court to the period of time before the defendant files an answer or a motion for summary judgment. During that period, the court has no discretion to deny such a dismissal. However, once the defendant files an answer or a motion for summary judgment, plaintiff loses this right.
> . . . .
> This being a rule of procedure on which parties navigating the shoals of litigation must rely without needless doubt or question, we are inclined to take the Rule at face value, and assume that it "means what it says." We agree with the straightforward analysis of the Fifth Circuit:
>
>> Rule 41 . . . . sanctions no such case-by-case analysis of the amount of effort expended by the defendants. Nor does the fact that defendants had "joined issue" on the merits affect plaintiff's ability to dismiss his suit. Unless a defendant has filed an answer or summary judgment motion, the governing provision is rule 41(a)(1). Defendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under rule 41(a)(1) may do so by taking the simple step of filing an answer.
>
> Similarly, we decline to agree with the District Court's action and follow those cases which "treat" motions to dismiss filed pursuant to Rule 12(b)(6) as summary judgment motions for the purpose of barring voluntary dismissal. Rule 41(a)(1) explicitly leaves the option to dismiss in the plaintiff's hands; once plaintiff gives his notice, the lawsuit is no more.

> The Rule permits plaintiff to take such action "at any time before service by the adverse party of an answer or motion for summary judgment, whichever first occurs." Again, this language unambiguously requires a defendant, in order to make plaintiff put his money where his mouth is, to *serve* plaintiff with a summary judgment motion or an answer. Permitting a defendant, merely by appending to his Rule 12(b)(6) motion materials "outside the pleadings," regardless of their scope, content or form, to abridge a plaintiff's right to voluntarily dismiss his action without prejudice, not only circumvents the plain language of the rule, but flies in the face of the "time and effort in litigation" rationale. Furthermore, the clear language of Rule 12(b) which permits a 12(b)(6) motion accompanied by extraneous materials to be treated as a motion for summary judgment is directed, not at the parties, but at the court; conversion takes place at the discretion of the court, and at the time the court affirmatively decides not to exclude the extraneous matters.

*Aamot v. Kassel*, 1 F.3d 441, 443-45 (6th Cir. 1993) (internal citations and footnotes omitted) (emphasis in original); *see Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (holding that a district court can properly consider a document "referred to in the complaint and [ ] central to the plaintiff's claim" on a Rule 12(b) motion, rather than converting the motion to summary judgment).

Defendant's motion to dismiss, seeking relief under § 3 of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*., argues the following: (1) the arbitration clause found in the Ink-Logix LLC agreement mandates dismissal of the action; (2) Plaintiff's pleadings fail to state a claim of fraudulent inducement to avoid the arbitration agreement; and (3) the Court should dismiss, rather than stay, the action.

Although an issue not specifically addressed by the Sixth Circuit, other courts have concluded that a "motion to compel arbitration and stay proceedings is not the equivalent of an answer or a motion for summary judgment" under Rule 41(a)(1). *Hamilton v. Shearson-Lehman American Express, Inc.*, 813 F.2d 1532, 1535 (9th Cir. 1987); *see Merit Ins. Co. v. Leatherby*

*Ins. Co.*, 581 F.2d 137, 142 (7th Cir. 1978); *Aggregates (Carolina), Inc. v. Kruse*, 134 F.R.D. 23, 25 (D. Puerto Rico 1991).

The Court agrees with that reasoning. In light of *Aamot* and the cases cited above, the Court concludes that Defendant's motion to dismiss does not constitute an "answer" or summary judgment motion under Rule 41(a)(1). Although Defendant asserts that its motion also relies upon Rule 56, an examination of the relevant portion of the motion to dismiss (pages 13-14) reveals that Defendant is simply attacking the sufficiency of Plaintiff's pleadings.

Accordingly, the Court finds no basis to convert Defendant's motion to dismiss into a motion for summary judgment. Therefore, under Rule 41(a)(1)(i), Plaintiff was entitled to voluntarily dismiss her case without prejudice.

### III. CONCLUSION

For the aforementioned reasons, the Court:

(1) **DENIES AS MOOT** Defendant's Motion to Dismiss Based on a Binding Arbitration Agreement (Doc. No. 4);

(2) **DENIES** Defendant's Motion to Vacate Plaintiff's Notice of Dismissal (Doc. No. 9); and

(3) **DENIES AS MOOT** Plaintiff's Cross Motion to Dismiss Pursuant to Rule 41(a)(2) (Doc. No. 13).

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 16, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 16, 2007.

                                                          s/Denise Goodine
                                                          Case Manager